People v Cepero (2018 NY Slip Op 06255)





People v Cepero


2018 NY Slip Op 06255


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2015-00703
 (Ind. No. 14-00323)

[*1]The People of the State of New York, respondent,
v
Edward Cepero, appellant.


Anthony N. Iannarelli, Jr., New York, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (Nicholas D. Mangold and Andrew Kass of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Nicholas De Rosa, J.), rendered December 16, 2014, convicting him of disseminating indecent material to minors in the second degree, attempted disseminating indecent material to minors in the second degree (three counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the convictions of disseminating indecent material to minors in the second degree and attempted disseminating indecent material to minors in the second degree (three counts), vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.
In April 2014 the defendant sent several nude photographs of his girlfriend via text message to his girlfriend's son. For these acts, the defendant was convicted, after a jury trial, of one count of disseminating indecent material to minors in the second degree (Penal Law § 235.21[3]), one count of endangering the welfare of a child (Penal Law § 260.10[1]), and three counts of attempted disseminating indecent material to minors in the second degree (Penal Law §§ 110.00, 235.21[3]).
In light of the injunction issued by the United States District Court in American Libraries Assn. v Pataki (969 F Supp 160 [SD NY 1997]), the People request that, in the interest of justice, we vacate the defendant's convictions for disseminating indecent material to minors in the second degree under Penal Law § 235.21(3) and attempted disseminating indecent material to minors in the second degree under Penal Law §§ 110.00 and 235.21(3) (see People v Burgess, 54 AD3d 870, 870). We grant the People's request and, in the interest of justice, vacate those convictions and the sentences imposed thereon, and dismiss those counts of the indictment.
As to the remaining count of the indictment, endangering the welfare of a child (Penal Law § 260.10[1]), viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt [*2]beyond a reasonable doubt.
The defendant's contentions that the County Court was biased, that the court erred in allowing a witness to give expert testimony without having first been qualified as an expert, that the defendant may have been deprived of his right to testify, and that the misdemeanor counts should have merged into the felony counts, are unpreserved for appellate review and, in any event, without merit. The defendant's contention that the court erred in imposing various surcharges is without merit. The defendant's contention regarding the legal sufficiency of the evidence as to the counts of disseminating indecent material to minors in the second degree under Penal Law § 235.21(3) and attempted disseminating indecent material to minors in the second degree under Penal Law §§ 110.00 and 235.21(3) need not be addressed in light of our vacatur of the convictions under, and dismissal of, those counts.
BALKIN, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court